William P. COOPER, Appellant,

v.

STATE of Alaska, Appellee.

No. 3588.

Supreme Court of Alaska.

May 25, 1979.

Dana Fabe, Steven G. Marks, Asst. Public Defenders, Brian C. Shortell, Public Defender, Anchorage, for appellant.

Charles W. Cohen, Asst. Dist. Atty., Anchorage, Stephen H. Hutchings, Dist. Atty., Bethel, Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

MATTHEWS, Justice.

On February 28, 1977, Barbara Cooper called the police and reported that her husband, William Cooper, had been drinking and was flourishing a gun. Three police officers responded to this call. Upon arrival at the Coopers' residence, the officers parked their car in front of Cooper's trailer and approached the front door of the trailer. Cooper fired five shots in rapid succession at the officers, after which his gun jammed. Upon command, Cooper then surrendered. No one was injured, but there was evidence that some of the bullets narrowly missed hitting the officers.

Cooper was subsequently indicted for three counts of assault with a dangerous weapon in violation of AS 11.15.220 and AS 11.15.295.[1] He was tried to the court, sitting without a jury, and was found guilty on all three counts. On July 19, 1977, Cooper was sentenced to the maximum imprisonment of ten years on each count, to be served consecutively.[2]

On appeal, Cooper contends that the evidence was insufficient to support three convictions. In addition, Cooper appeals the sentence imposed on the grounds that the three terms of imprisonment should not run consecutively, and that it is excessive. We shall first consider the sufficiency of the evidence.

■■■ Appellant concedes that the crime of assault with a dangerous weapon is committed when one uses a dangerous weapon with the intention of causing bodily harm or causing the apprehension of immediate bodily harm.[3] The act of firing one shot toward three people will support three convictions if the actor's intent is to cause injury or apprehension of imminent injury to all three persons.[4] Cooper claims, however, that he only intended to assault one of the officers, and that the evidence against him with regard to the other two officers is insufficient. The question of the defendant's intent in an assault with a deadly weapon charge is one of fact; the trial court judge's finding will not be disturbed unless there is a "cogent showing that the evidence could not justify" it.[5]

The evidence presented at trial, together with the inferences drawn therefrom, considered in the light most favorable to the state,[6] supports the conclusion that Cooper meant to harm or induce apprehension of

1. AS 11.15.220 provides:
   *Assault with dangerous weapon.* A person armed with a dangerous weapon, who assaults another with the weapon, is punishable by imprisonment for not more than 10 years nor less than six months, or by a fine of not more than $1,000 nor less than $100, or by both.
   AS 11.15.295 provides:
   *Use of firearms during the commission of certain crimes.* A person who uses or carries a firearm during the commission of a robbery, assault, murder, rape, burglary, or kidnapping is guilty of a felony and upon conviction for a first offense is punishable by imprisonment for not less than 10 years. Upon conviction for a second or subsequent offense in violation of this section, the offender shall be imprisoned for not less than 25 years.

2. AS 11.05.050 provides:
   *Consecutive sentences.* If the defendant is convicted of two or more crimes, before judgment on either, the judgment may be that the imprisonment upon one conviction begins at the expiration of the imprisonment for any other of the crimes. If the defendant is imprisoned upon a previous judgment on a con-

viction for a crime, the judgment may be that the imprisonment commences at the expiration of the term limited by the previous judgment.

3. *See Burke v. United States,* 282 F.2d 763, 766 n.5 (9th Cir. 1960) (construing Alaska statute); *State v. Silas,* 595 P.2d 651 (1979).

4. "A defendant who commits an act of violence with the intent to place more than one person in fear of serious bodily injury or who recklessly creates a substantial risk of bodily injury to more than one person may be found guilty of multiple offenses under the same criminal statute." *People v. Wieckert,* 554 P.2d 688, 690 (Colo.1976). *People v. Clark,* 252 Cal.App.2d 479, 60 Cal.Rptr. 569, 571 (1967). *See also, Thessen v. State,* 508 P.2d 1192, 1197 (Alaska 1973); *Neal v. State,* 55 Cal.2d 11, 357 P.2d 839, 844 (1961).

5. *O'Dell v. Municipality of Anchorage,* 573 P.2d 1381, 1383 (Alaska 1978); *Noble v. State,* 552 P.2d 142, 144 (Alaska 1976).

6. *Ladd v. State,* 568 P.2d 960, 969 (Alaska 1977).

imminent harm in all three officers. The only witnesses who testified were two of the policemen who were involved in the incident. Both of them testified that they thought Cooper had fired at all three of the officers, and the exhibits confirm that all three were dangerously close to the line of fire.[7] Therefore, the evidence was sufficient to support a conviction on each of the three counts charged.

█ Cooper also claims that the trial court was mistaken in imposing consecutive sentences. In the recent case of *Mutschler v. State,* 560 P.2d 377 (1977), we reaffirmed our holding in *Davenport v. State,* 543 P.2d 1204, 1210 (1975), stating, "consecutive sentences may be imposed when separate offenses with separate intents are committed during a brief time interval in the course of one general transaction."[8] We concurred with the observation of the California Supreme Court: "A defendant who commits an act of violence with the intent to harm more than one person or by a means likely to cause harm to several persons is more culpable than a defendant who harms only one person."[9] Cooper contends that the requisite separate intents are absent here, that the shooting was one event with one intent. Our determination above that the evidence supported a finding of an intent to harm or frighten three people, a finding necessary to support three convictions, disposes of this issue. In *Davenport,* 543 P.2d at 1209, we rejected the suggestion that even though separate convictions are proper, a different analysis is required to determine whether separate sentences are. We see no reason for such a rule.

The last question raised is whether Cooper's aggregate sentence of thirty years is excessive. We believe that it is. In reaching this conclusion, we do not minimize the seriousness of Cooper's crimes. We have stated before, and we re-emphasize that assault with a dangerous weapon is considered to be among the most serious offenses.[10] In this instance, only good fortune prevented Cooper's acts from causing injury or death to the police officers at whom he fired, and only extraordinary restraint on the officers' part prevented Cooper from being shot.

█ Yet, imposition of the maximum sentence for a particular offense should be reserved for those who would be considered to be the "worst type" of offenders.[11] Cooper's acts and background are not of such a character as to warrant so classifying him. He is thirty-four years old. He has three prior felony convictions—passing a forged check and burglary in a dwelling in 1975, and sale of marijuana in 1968—none of which are for violent crimes. He is a chronic alcoholic, and developed withdrawal symptoms, including alcoholic hallucinations, following incarceration for the offenses in question. Despite this, he does have a fairly steady work history as a heavy equipment operator and mechanic.

We think that an aggregate sentence of thirty-years is too severe and cannot be justified here. Cooper's crimes, while legally separate, were part of one episode. They were committed on the spur of the moment while Cooper was under the influence of alcohol. Fortuitously, no one was injured. Under these circumstances, we believe that any sentence longer than a term of fifteen-years imprisonment[12] would be clearly mistaken.

Affirmed in part, reversed in part and remanded for sentencing.

7. See especially, State's Exhibit 13.

8. 560 P.2d at 379.

9. *Id.,* quoting *Neal v. State,* 55 Cal.2d 11, 357 P.2d 839, 844 (1961). *See also, Thessen v. State,* 508 P.2d 1192, 1197 (Alaska 1973).

10. *Dawson v. State,* 557 P.2d 142 (Alaska 1976); *Armantrout v. State,* 483 P.2d 696, 698 (Alaska 1971).

11. *Galaktionoff v. State,* 486 P.2d 919, 924 (Alaska 1971); *Waters v. State,* 483 P.2d 199, 201 (Alaska 1971).

12. The trial court could, of course, suspend a portion of that fifteen year term, or conversely, impose and suspend a term in addition to the fifteen year term.