**George W. SCHROFF, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 4835.

Court of Appeals of Alaska.

April 23, 1981.

---

Sue Ellen Tatter, Asst. Public Defender, Brian C. Shortell, Public Defender, Anchorage, for appellant.

W. H. Hawley, Jr., Asst. Atty. Gen., Anchorage, Wilson L. Condon, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

COATS, Judge.

On October 19, 1978, George Schroff, a probationer, learned his probation officer intended to revoke his probation. Schroff, who was living with his mother and stepfather, decided to leave the Anchorage area for California. Upon leaving his house Schroff picked up a .22 caliber automatic handgun to take with him. Schroff spent the day hiding from the police and inhaling aerosol which Schroff said he did to "escape from everyday troubles." Toward evening Schroff got on a bus driven by Shelly Clark, who recognized Schroff as looking like someone the police were searching for, described in a police bulletin. Schroff told Clark he was in trouble and the police were searching for him. He also told Clark he was planning on leaving the state. Clark stopped the bus at a service station, telling Schroff she had brake trouble. Clark called her office and had them call the police to inform them Schroff was on the bus. She then got back into the bus and continued to drive the bus with Schroff as the only passenger. A police car driven by officer Bohannon soon pulled in front of her, blocking the bus. Clark left the bus and told Officer Bohannon that Schroff was on the bus. At this point Schroff got into the driver's seat of the bus and drove off with it. Schroff drove the bus through a residential area with Officer Bohannon in pursuit. Bohannon was soon joined by other police cars as the bus zigzagged through the residential area. The bus finally went out of control and ran into a parked car.

The testimony at trial up to this point was not in dispute. The following account summarizes the testimony of Troopers Baker and Pilch and Anchorage Police Officers Long and Clark: after the collision, Schroff left the bus with the .22 automatic in his hand and approached an unmarked trooper car which had been involved in the chase. Troopers Baker and Pilch were in the car. According to Trooper Baker, Schroff approached the car pointing the .22 automatic directly at him at short range. Both Troopers Baker and Pilch testified Schroff then pointed the weapon at Trooper Pilch. According to Anchorage Police Officer Dennis Long, Schroff ran toward the car which contained Troopers Baker and Pilch and pointed the weapon at the window. Officer Long started to pull the trigger on his service revolver to shoot Schroff. At this point Officer Bohannon came around the bus and saw Schroff pointing the weapon toward Troopers Baker and Pilch. He hit Schroff with a nightstick three times, knocking him down and forcing him to drop the weapon. According to Bohannon, Schroff's automatic was fully cocked and loaded so that the weapon would have fired if Schroff pulled the trigger. Right after the incident Schroff was taken to the hospi-

tal. According to Bohannon, at the hospital Schroff stated that if Bohannon had not stopped him, he would have shot a trooper.

Schroff also testified at trial. He agreed with the police testimony up to the point where he got out of the bus. According to Schroff, when he got off the bus he did not intend to threaten or harm the police officers but to give himself up. Schroff testified that what he told Bohannon at the hospital was, "It's a good thing you hit me, otherwise the trooper would have shot me."

Schroff was convicted in a jury trial of two counts of assault with a dangerous weapon.[1] He was sentenced to seven years on each count, the sentences to run concurrently. He has appealed his conviction and sentence to this court. We affirm.

## MULTIPLE CONVICTIONS

■ Schroff argues that he should only have been convicted of one count of assault with a dangerous weapon. He argues that there was only one pointing of the weapon at Troopers Baker and Pilch. The trial judge, in denying the motion to consolidate the two counts, correctly pointed out that both officers testified they had individually been assaulted, and that there was sufficient evidence for the jury to find that two assaults had taken place. Since the time

the trial judge decided that motion, the supreme court decided *Cooper v. State*, 595 P.2d 648 (Alaska 1979). That case makes it clear that the trial judge was correct in deciding there was sufficient evidence to support two charges of assault with a dangerous weapon.[2]

## VIOLATION OF THE EXCLUSION OF WITNESSES RULE

At Schroff's trial a violation of the exclusion of witnesses rule[3] occurred when Trooper Pilch was present in court during the testimony of Trooper Baker. Because of the violation of the rule, Schroff asked the trial judge to rule that Pilch could not testify.

The trial judge ruled that forbidding Pilch's testimony was not necessary; instead he gave an instruction to the jury informing them of Pilch's presence during Baker's testimony and advising them to take that presence into account in judging Pilch's credibility. Schroff now claims the trial judge erred in permitting Pilch to testify.

■ Schroff acknowledges that the trial judge has considerable discretion in Alaska to enforce the exclusion of witnesses

---

1. Former AS 11.15.220 read as follows:

    *Assault with dangerous weapon.* A person armed with a dangerous weapon, who assaults another with the weapon, is punishable by imprisonment in the penitentiary for not more than 10 years nor less than six months, or by imprisonment in jail for not more than one year nor less than one month, or by a fine of not more than $1,000 nor less than $100.

2. In *Cooper* the supreme court held that in deciding whether there was sufficient evidence for the jury to find multiple counts of assault with a dangerous weapon, the court should look at the evidence in the light most favorable to the state. The court further said:

    [T]he crime of assault with a dangerous weapon is committed when one uses a dangerous weapon with the intention of causing bodily harm or causing the apprehension of immediate bodily harm. The act of firing one shot toward three people will support three convictions if the actor's intent is to cause injury or apprehension of imminent jury to all three persons. Cooper claims, however,

that he only intended to assault one of the officers, and that the evidence against him with regard to the other two officers is insufficient. The question of the defendant's intent in an assault with a deadly weapon charge is one of fact; the trial court judge's finding will not be disturbed unless there is a "cogent showing that the evidence could not justify" it.

    595 P.2d at 649 (footnotes omitted).

3. At the time of this trial the exclusion of witnesses rule was set out in Alaska R.Civ.P. 43(g)(3), which read:

    (3) *Exclusion of Witnesses From Courtroom.* At the request of any party, the court may exclude from the courtroom any witness of the adverse party not at the time under examination, so that he may not hear the testimony of other witnesses.

    This rule was made applicable to criminal trials through former Criminal Rule 26(a). *See* AS 09.20.180. The exclusion of witnesses rule is currently Evidence Rule 615.

rule and that he can be reversed only for an abuse of discretion. The trial judge concluded that the violation was an oversight and not the result of intentional misconduct by the prosecution. The record supports this claim. It is clear the trial judge concluded that not allowing Pilch to testify was too drastic a remedy and concluded that a cautionary instruction would sufficiently cure any prejudice from the violation of the rule. We find the trial judge did not abuse his discretion.

## SENTENCE APPEAL

■ Schroff first argues that the trial judge improperly considered information in the presentence report that Schroff was involved in two incidents in the jail and that he did not get along well with other inmates. In *Nukapigak v. State*,[4] the supreme court held that presentence reports could contain hearsay information as long as it was sufficiently verified and the defendant was given an opportunity to deny the allegations and offer rebuttal evidence. Schroff complains that the information about his institutional performance was vague and, since it was not attributed to a specific source, the information was not sufficiently verified for him to combat it. The record shows otherwise. In a letter to the trial judge that is part of the presentence report, Schroff admitted having two incidents in the jail which involved confrontations with other inmates but said he acted in self-defense and no disciplinary action was taken. Schroff further outlined that he was in a minimum security area and held a trustee position. Schroff also submitted a letter of an institutional counselor which supported his version of his institutional

record. It is clear, therefore, that Schroff was able to combat the information in the presentence report and to combat it successfully. It is also clear from the record that the trial court gave no weight to Schroff's institutional record in fashioning a sentence. We find no error.

Schroff also argues that the sentence imposed was excessive. Schroff was nineteen years old at the time of the incident. He was on probation on a felony charge of burglary not in a dwelling.[5] In addition Schroff had a juvenile record which included writing NSF checks and joy-riding. Schroff had been placed in McLaughlin Youth Center and in general seems to have done well there. In spite of an obviously turbulent background, Schroff finished high school, earning above average grades. The record shows that he is a highly intelligent person.

The trial judge pointed out that if he imposed consecutive sentences Schroff could receive a maximum sentence of twenty years. The trial judge carefully applied *Chaney*[6] goals, emphasizing the need to isolate Schroff from society and the need to deter others from similar offenses.

■ Although a sentence "ought not to exceed ten years except in unusual cases and normally should not exceed five years,"[7] we feel Schroff's case presents facts which do differ from the norm. Regardless of whether Schroff intended to shoot the troopers or not, both Schroff and the troopers were placed within an instant of death by his actions. We do not find the sentence was clearly mistaken.[8]

The judgment of the trial court is therefore AFFIRMED.

4. 562 P.2d 697 (Alaska 1977), *aff'd on rehearing* 576 P.2d 982 (Alaska 1978). *See Pascoe v. State*, 628 P.2d 547, at 550 (Alaska 1980).

5. Schroff was originally given a suspended imposition of sentence which placed him on probation for a twenty-four month period. Schroff's probation was revoked because of the incidents described in the case presently before the court. Schroff was sentenced to three years with two years suspended, concurrent to

these assault with a dangerous weapon charges.

6. *Chaney v. State*, 477 P.2d 441, 444 (Alaska 1970).

7. ABA Standards, Sentence Alternatives and Procedures § 2.1 at 1 (Approved Draft, 1971). *Pascoe v. State*, Op.No. 2249 at 9.

8. *McClain v. State*, 519 P.2d 811, 813–814 (Alaska 1974).