THE STATE OF OHIO, APPELLEE, *v.* BUCK, APPELLANT.

(No. C-810159—Decided February 24, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. William E. Breyer,* for appellee.

*Mr. Edmund S. Lee,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Defendant-appellant, Winsol Keith Buck, was charged with four counts of felonious assault in violation of R.C. 2903.11. He was tried to a jury and found guilty of three of the four counts charged. Defendant timely appeals these convictions.

On October 15, 1980 four police officers were sent to the apartment complex where defendant lived to investigate a report of domestic violence. Upon arrival they spoke with defendant's wife and some neighbors. Continuing their investigation, the police officers went to defendant's apartment where they first knocked, then pounded with a flashlight on the front door. As they stood outside

the apartment a shot was fired from within. The bullet passed through a window near the front door. None of the officers was struck by the bullet. Defendant Buck claims that he fired the shot through the window in an attempt to frighten what he believed to be intruders. After firing this shot defendant telephoned the Hamilton County Sheriff's office. Upon being informed that the people outside his apartment were police officers, defendant immediately surrendered to them.

At trial below, the jury found defendant guilty of three separate counts of felonious assault upon the police officers as a result of the shooting. Defendant was sentenced to serve from four to fifteen years on each count, these sentences to be served concurrently.

In bringing this appeal, defendant advances four different assignments of error. In his first assignment he contends the court below erred when it admitted into evidence testimony concerning other acts of the defendant which could constitute separate offenses. The substance of this testimony is that the defendant had threatened several people on the night in question prior to the appearance of the police officers.

In a criminal trial, evidence of previous criminal acts, wholly independent of the offense for which the defendant is on trial, is inadmissible. *State* v. *Hector* (1969), 19 Ohio St. 2d 167 [48 O.O.2d 199], paragraph one of the syllabus. Exceptions to this rule are listed in R.C. 2945.59 which states:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

The Ohio Supreme Court has interpreted this statute to mean that contested evidence which is "inextricably intertwined and, thus, necessary to give the complete picture of what occurred" is admissible. *State* v. *Wilkinson* (1980), 64 Ohio St. 2d 308, 318 [18 O.O.3d 482].

In the case *sub judice*, defendant was charged with criminal activity that occurred when officers of the law appeared outside his apartment. The jury below was entitled to know why the officers were there at that particular time. Additionally, the jury was entitled to "the complete picture" in considering defendant's claim that he thought intruders were attempting to gain entry to his apartment. The testimony was properly admitted. The assignment of error is overruled.

Defendant's second assignment of error is that the verdict was contrary to the manifest weight of the evidence. This court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all elements of an offense have been proven beyond a reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]. We have reviewed the record before us and find that there exists substantial evidence to support the verdict of the jury. This assignment of error is overruled.

Defendant's third assignment of error is that the trial court erred in entering a judgment of conviction on more than one of the counts of which he was charged. We find this assignment of error to be well taken.

The conduct which led to defendant's arrest consisted of his firing a single shot from a pistol through a window outside of which stood four police officers. At that time, a curtain was drawn across the window so that defendant was unable to see the location, the identity or the number of people beyond it. The indictment charged

defendant with four separate counts of felonious assault stemming from this incident.

The propriety of the multiple count indictment is beyond question. R.C. 2941.25 provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

Viewed prospectively from the date of the indictment, it was then conceivable that defendant could have been found guilty of more than one count of felonious assault. Thus, charging defendant with more than one count of felonious assault was entirely permissible under R.C. 2941.25(B). However, to support a *conviction* for each count it was incumbent upon the state to prove that the defendant committed each with a separate animus. Careful examination of the record before us reveals that the state adduced proof of only one animus. It was therefore erroneous to convict defendant of more than one count of felonious assault.

We wish to emphasize that, contrary to the arguments of appellant's counsel, the disposition of this assignment of error does not hinge upon an interpretation of R.C. 2941.25(A). The record does not show that defendant committed two or more allied offenses of similar import. Rather defendant, indicted for two or more offenses of the same kind committed with a separate animus as to each, was shown to have possessed but a *single*

animus in firing once in the direction of four police officers. The assignment of error is affirmed.

Defendant's fourth assignment of error is that the jury verdict is defective in that it is inconsistent and contradictory. Even assuming, *arguendo*, that the jury was precluded from finding defendant guilty of more than one count of the indictment, our disposition of the third assignment of error renders any error in the verdict non-prejudicial to the defendant. The assignment of error is overruled.

All assignments of error having been ruled upon it is the decision of this court that the within cause be reversed and remanded for resentencing and affirmed in all other respects.

*Judgment accordingly.*

SHANNON, P.J., DOAN and KLUSMEIER, JJ., concur.