547 N.W.2d 661 (1996)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Chavez WASHINGTON, Defendant-Appellant.
No. 102778, COA No. 144777.
Supreme Court of Michigan.
February 2, 1996.

ORDER
On order of the Court, the delayed application for leave to appeal is considered, and it *662 is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
LEVIN, J., would grant leave to appeal and states as follows:

I
A number of officers entered defendant's apartment to execute a search warrant. As the officers started up the steps, a person appeared at the top and fired one shot. The shot missed the first officer, striking the wall and grounded near his feet. The bullet ricocheted off the steps, however, and the resulting fragments struck the legs of the next officer. The fragments did not break the skin.
Defendant Washington was convicted of two counts of assault with intent to commit murder and sentenced to concurrent terms. The Court of Appeals affirmed, concluding that the doctrine of transferred intent permitted the expansion of the crime to fit the number of victims.

II
Those jurisdictions adhering to the "single crime" rule focus on the culpability of the actor. The Legislature has decreed that an assault undertaken with the specific intent to kill should be punished as a separate offense. To avoid rewarding criminal incompetence, transferred intent operates to place a culpable actor behind bars. That same emphasis on individual culpability, however, implies that the same one action and intent to harm one person should not be punished more drastically if another victim is injured. The fiction of transferring intent to an unintended target should be joined by a fictional relieving of intent from the intended victim for the doctrine to remain consistent. The contrary outcome makes as much sense as holding the defendant liable for two assaults even if his aim was true.
A number of jurisdictions agree. Anno. 8 A.L.R.4th 969; Hampton v. State, 455 So.2d 149 (Ala.Crim.App, 1984) (one count of assault for a single shotgun blast wounding three persons); Callaghan v. State, 462 So.2d 832 (Fla.App., 1984) (a defendant who fired one shot with a rifle to the head of his wife who was holding a child was guilty of only one count of shooting in a dwelling); State v. Buck, 3 Ohio App.3d 349, 445 N.E.2d 720 (1982) (one, not four, convictions were appropriate for a defendant who fired a single shot through a window near four police officers); State v. Collins, 174 W.Va. 767, 329 S.E.2d 839 (1984) (a store robber who presented a firearm was found not guilty of a crime against each clerk present in the store).
Logical hyperbole also cuts both ways. On the one hand is the specter of the single shot over Times Square giving rise to 100,000 assault charges. On the other is the magic bullet passing through five bodies, but excused as one incident.
The federal courts adhere to the one-crime rule under a federal statue prohibiting an assault of a federal officer. Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958). There the Court reasoned that although Congress may have intended to protect federal officers, it is equally plausible that it intended to prevent hindrance in the execution of official duty. Because it was unclear what Congress intended, under the rule of lenity, it was appropriate to construe the statute in favor of the defendant and leave it to Congress to clarify its intent if necessary.
Other jurisdictions have held that multiple charges are appropriate if there was evidence that the actor intended to harm more than one person. Thus, if a single shot was fired with the intent of harming three persons, multiple convictions are appropriate. Cooper v. State, 595 P.2d 648 (Alaska, 1979). In this case, it is unclear whether the defendant was aiming at anyone, and there appears to be no evidence that he was attempting to "kill two birds with one stone;" if he had, he probably would have fired more than one shot.
I would, again, grant leave to appeal.
MICHAEL F. CAVANAGH, J., concurs with LEVIN, J.