OPINION
COATS, Chief Judge.
The State charged John C. Knutsen with six counts of producing indecent photographs of minors under the age of 13 without their parents' consent (a felony), and two counts of producing indecent photographs of adults without their consent (a misdemeanor)[1] Knutsen worked as a lifeguard at the Bristol Bay Borough swimming pool in Naknek. In January 2002, before a community swim night, Knutsen secretly installed a video camera in the women's locker room at the pool, and he pre-set the camera to record. The video camera captured images of two women and six young girls in various states of undress. Another pool employee apparently discovered the camera before the community swim ended. Shortly afterwards, Knutsen told the police that he was the one who had set up the video camera in the locker room. Knutsen never viewed the videotape.
Knutsen essentially conceded that he was guilty of the two misdemeanor charges (taking indecent photographs of the adult women), but he asserted that he was innocent of the felony charges (taking indecent photographs of the young girls). Knutsen contended that his sole intent was to videotape adult women, and he asserted that he had not realized that minors would be present in the locker room. The jury found that Knut-sen acted "knowingly" with respect to the fact that he would capture images of minors on his video camera, and thus the jury convicted Knutsen on all counts. Knutsen now appeals, raising two issues.
Knutsen first contends that Superior Court Judge Fred J. Torrisi gave the jurors a misleading and incorrect instruction concerning Knutsen's defense that he was unaware that he might photograph minors in the swimming pool locker room. We conclude that this issue is moot because, under the facts of this case, Knutsen's asserted defense was no defense at all.
As we explain in more detail below, if there had been evidence that Knutsen attempted to notify and obtain the consent of the persons he videotaped-or, in the case of the young children, evidence that Knutsen attempted to notify and obtain the consent of their parents or guardians-then the State would have been obliged to prove that Knut-sen acted with a culpable mental state regarding the age of his victims. However, *1063 when (as in Knutsen's case) there is no evidence that a defendant charged with indecent viewing or photography attempted to notify and obtain the consent of the proper persons, the State need not prove that the defendant acted with any culpable mental state regarding the age of the vietim(s). Thus, Knutsen was not entitled to any jury instruction on the issue of his awareness (or lack of awareness) concerning the possibility that the video camera he installed might photograph minors.
Knutsen next contends that, because he performed only a single act of photography (ie., one act of placing a camera in the women's locker room and recording a videotape), he could only be convicted of one count of indecent photography, not eight. He argues that the superior court violated the double jeopardy clause of the Alaska Constitution by entering eight convictions against him (six felony counts and two misdemeanor counts). But we conclude that the rationale of Knutsen's offense is the violation of the victims' privacy. Because Knutsen violated the privacy of eight victims, he was properly convicted of a separate offense for each victim.
The elements of the indecent photography statute, and the issue of whether the State must prove that the defendant acted with a culpable mental state with regard to the age of the victim
Alaska Statute 11.61.123(a) defines the offense of indecent viewing or photography. The actus reus of this offense consists of "knowingly view[ing] or produc[ing] a picture of the private exposure of the genitals, anus, or female breast of another person." As used in this statute, the phrase "private exposure" means that the victim has exposed their body in a place, and under cireum-stances, that caused the victim to reasonably believe that their body would not be viewed by the defendant or that pictures of their body would not be produced.[2]
The statute specifies that the act of viewing or photography is a crime if the viewing or the production of the picture is done without the knowledge or consent of the person viewed or depicted (if the victim is at least 13 years old), and/or without the knowledge or consent of that person's parent or guardian (f the victim is younger than 16 years). That is, the statute divides people into three categories. If the person viewed or photographed is older than 16, the viewer or photographer must notify that person or obtain that person's permission. If the person is between the ages of 18 and 16, the viewer or photographer must notify that person or obtain that person's permission and, in addition, must notify the person's parent or guardian and obtain their permission. Finally, for children younger than 18, the child's own knowledge or permission is unnecessary, but the viewer or photographer must notify the person's parent or guardian.and obtain their permission.
The statute provides differing penalties for this offense, depending on the age of the victim. Violation of the statute is a class A misdemeanor if the victim is an adult, a class C felony if the victim is a minor.[3]
Alaska Statute 11.61.1283(a) specifies that the culpable mental state of "knowingly" applies to the act of viewing or producing a picture of another person's private exposure of their genitals, anus, or female breast. The statute does not specify a culpable mental state concerning the victim's (and/or their parent or guardian's) lack of knowledge or consent. But another statute, AS 11.81.610(b)(2), states that when a criminal statute does not set forth a specific culpable mental state regarding a cireumstance or result, the offense should normally be interpreted to require proof that the defendant acted "recklessly" with regard to this cireum-stance or result. Because the victim's (and/or their parent or guardian's) lack of knowledge or consent is a cireumstance that makes the defendant's conduct criminal under AS 11.61.123(a), we interpret AS 11.61.123(a) to mean that the State is obliged to prove that the defendant acted "reckless *1064 ly" with regard to the lack of required knowledge or consent.[4]
Thus, in the present case, it was the State's burden to prove that Knutsen knowingly photographed the victims' private exposure of their genitals, anus, or breasts, and that he acted recklessly with regard to the fact that this photography was occurring without the requisite knowledge or consent-the knowledge or consent of the young children's parents or guardians, and the knowledge or consent of the two adults.
Knutsen argues that, with regard to the six felony charges (i.e., the charges involving the minors), the State was not only required to prove these two culpable mental states but, in addition, the State was required to prove that Knutsen knew that he would be photographing minors in the locker room. We conclude that there will be times when the State is required to prove a defendant's awareness of the possibility that the victims are minors, but this proof was not required in Knutsen's case.
Alaska Statute 11.61.1283(a) distinguishes between adult and minor victims for two different purposes: (1) specifying the people who must consent to the defendant's act of viewing or photography if this act is to be legal, and (2) establishing differing penalties for the offense of non-consensual viewing or photography, depending on the age of the victim.
With regard to this first purpose-identifying the people whose consent is required-the victim's age determines the defendant's legal duty. A defendant will be obliged to seek the consent of different people, depending on whether the vietim is older than 16, or is between the ages of 18 and 16, or is younger than 18. Thus, for example, if the person being photographed is younger than 13, the statute declares that it is unnecessary for the defendant to obtain that child's consent, but the defendant must obtain the consent of the child's parent or guardian.
But what if the defendant, acting under the reasonable but mistaken belief that the child is younger than 18, obtains the permission of the child's parent or guardian but neglects to obtain the permission of the child? The statute declares that, for children between the ages of 13 and 16, the defendant must obtain the child's permission as well as the permission of the child's parent or guardian. Seemingly, the defendant might face conviction for a felony because of the defendant's failure to obtain the child's permission, even though the defendant reasonably believed that only the parent or guardian's permission was needed.
In these instances, the victim's age defines the scope of the defendant's duty to obtain permission for the viewing or photography-and, thus, the victim's age determines whether the defendant's act of photography was criminal or non-criminal. We therefore conclude that when a defendant has obtained permission from one of the people named in the statute (the person being photographed, or their parent or guardian), but the State asserts that, because of the victim's age, someone else's permission was required, the State is obliged to prove that the defendant acted with a culpable mental state regarding the victim's age. In these cases, the victim's age is a cireumstance that determines whether the defendant has violated the statute; thus, the required culpable mental state is "recklessly." See AS 11.81.610(b)(2).
We emphasize that this culpable mental state regarding the victim's age need be proved only in cases where the defendant asserts that they attempted to obtain the necessary permission or consent but, because of a mistake regarding the victim's age, they mistakenly obtained this permission or consent from the wrong person. Compare our discussion of a similar issue in Kingsley v. State,[5] where we held that, in prosecutions for driving while intoxicated, the government is not obliged to prove the "operability" of the vehicle unless there is evidence affirma *1065 tively suggesting that the vehicle was not operable.[6]
Kunutsen's case does not fall within this category. His case presented no issue of consent. Knutsen never attempted to obtain permission from either the victims of his videotaping or their parents or guardians. Rather, his act of photography was surreptitious. Because of this, Knutsen's conduct was criminal regardless of the age of his victims, and the victims' age was relevant only for the second purpose mentioned above-to determine the penalty for Knut-sen's offense of non-consensual photography.
Several times in the past, we have held that no culpable mental state need be proved regarding a circumstance or result if that cireumstance or result does not alter the criminality of the defendant's conduct but instead serves only to trigger a greater punishment for the offense. The most pertinent example is Bell v. State, 668 P.2d 829 (Alaska App.1983).
The defendant in Bell was convicted of first-degree promotion of prostitution, AS 11.66.110(a)(2), for inducing or causing a child under the age of 16 to engage in prostitution. Bell asserted that he mistakenly believed that the girl was older than 16, and he asked to have the jury instructed on the defense of reasonable mistake of fact.[7] The trial judge refused to instruct the jury on this purported defense, and we upheld the trial judge's decision. We explained:
It is apparent that the legislature considered procurement of a person under sixteen to be an aggravated form of promoting prostitution. The commentary to [the draft version of this statute] states that ... creation of strict liability was intended as to the element of the offense involving [the] age of the victim.
[[Image here]]
We ... liability on this element of the offense] is in accord with the common law view that there should be no exculpation for mistake note that [imposition of strict where, if the facts had been as the actor believed them to be, [the actor's] conduct would still be illegal or immoral. As Bell recognizes on appeal, his conduct would still have been illegal even if [the girl] had been sixteen or over.
[[Image here]]
Under [the statute], it is Bell's intentional procurement of a person ... for prostitution that renders him liable for first-degree promoting, regardless of his actual awareness of that person's age. The act of procuring another for prostitution is ma-lum in se, without regard to the age of the person procured, and thus ... in a prose-ecution for procuring a person under the age of sixteen years, the [defendant's] intent to procure satisfies the ... constitutional requirement of criminal intent.[8]
As was true in Bell, Knutsen's underlying act-his act of surreptitiously photographing people who were changing their clothes in the women's locker room-was a crime regardless of the age of the people whose privacy was violated. Our holding in Beli suggests that, even though Kunutsen's degree of punishment hinged on the age of his victims, the State was not obliged to prove that Knutsen acted with any culpable mental state regarding his victims' ages.
In another case, Ortberg v. State,[9] we interpreted the criminal mischief statutes not to require proof of a culpable mental state regarding the monetary value of the damage caused by the defendant's conduct. The defendant in Ortberg was convicted of intentionally damaging property of another "in an amount of $500 or more." This amount of damage made Ortberg's offense a class C felony.[10] Ortberg argued that the State was required to prove that he knew or at least acted recklessly concerning the fact that he had caused at least $500 worth of damage. But we rejected Ortberg's argument. We concluded that, although the State was obliged to prove that Ortberg "intentionally damaged the property of another with no *1066 reason to believe that his act [was] authorized,"
the legislature did not, and was not required to, additionally require that the person know or have reason to believe the damage he caused would ultimately exceed $500. . . . [11]
Similarly, in Alto v. State,[12] the defendant was convicted of second-degree escape for removing himself from official detention for a felony. Alto argued that the State had to prove that he was aware of, and recklessly disregarded, the possibility that his detention was based on a felony-because this cireum-stance increased the level of punishment for his escape. We rejected this argument; we held that the State did not have to prove that Alto was aware of, or recklessly disregarded, the possibility that he was being held on a felony charge-only that Alto knowingly removed himself from official detention.[13]
And in Hoople v. State,[14] we held that, in prosecutions for felony driving while intoxicated, the State does not have to prove that the defendant acted with a culpable mental state regarding their prior DWI convictions or their prior breath-test refusal convictions, even when those convictions enhance the offense from a misdemeanor to a felony.
Based on Bell, Ortberg, Alto, and Hoople, we conclude that the State was not required to prove that Knutsen acted with a culpable mental state regarding the possibility that the victims of his photography might be minors. Knutsen did not claim that he obtained permission for the photography from the wrong person because of a reasonable mistake concerning his victims' ages. No issue of consent was presented in Knutsen's case. Therefore, even assuming that Knut-sen was unaware that minors (as opposed to adults) would be changing their clothes in the locker room while his video camera was running, this would be no defense to the felony charges against him.
Accordingly, Knutsen's attack on the jury instructions-his contention that Judge Tor-risi misinstructed the jurors regarding Knut-sen's alleged lack of awareness that some of his victims were minors-is moot. Knutsen was not entitled to such an instruction in the first place.
Knutsen's double jeopardy clain
Knutsen contends that, under state and federal double jeopardy law, he could only be convicted of a single count of indecent photography because he engaged in only one act of setting up a video camera and because he produced only one videotape.
The double jeopardy clauses of the United States Constitution and the Alaska Constitution protect against multiple punishments for the same offense.[15] But the legislature defines eriminal offenses. For purposes of applying the federal constitutional protection against multiple punishment, "the role of the Double Jeopardy Clause is limited to protecting a defendant against receiving more punishment than the legislature intended." [16] And for purposes of applying the state constitutional protection against double punishment, we must assess the conduct proscribed by a particular eriminal statute, and the societal interests protected by that statute.[17] Thus, under either test, to determine whether particular conduct constitutes the "same offense" or separate offenses for double jeopardy purposes, we must examine the legislature's definition of the offense.
Alaska Statute 11.61.1283(a) forbids a person from "knowingly view[ing] or produc[ing] a picture of the private exposure of the genitals, anus, or female breast of another person" if this viewing or production is done without the knowledge or consent of the person viewed or depicted (if the victim is at *1067 least 13 years old), and/or without the knowledge or consent of that person's parent or guardian (if the victim is younger than 16 years). The phrase "private exposure" means that the victim has exposed their body in a place, and under circumstances, that caused the victim to reasonably believe that their body would not be viewed by the defendant or that pictures of their body would not be produced.
The gist of this offense is viewing or making a picture of the private parts of another person's body when (1) the other person has not given their consent to the viewing or the picture-making, and when (2) given the circumstances, the other person reasonably expects bodily privacy. Because the statute is aimed at protecting personal bodily privacy, we conclude that even in cireumstances like the present case (where the charges are based on a single running of a video camera), a defendant's act of photographing several different victims can lawfully be punished as a separate offense for each victim.
The Alaska Supreme Court has reached analogous conclusions with regard to single dangerous or assaultive acts that produce harm to two or more victims. See State v. Dunlop, 721 P.2d 604, 609-610 (Alaska 1986) (upholding separate manslaughter convictions for each victim of a drunk driver), and Cooper v. State, 595 P.2d 648, 650 (Alaska 1979) (upholding separate assault convictions when a defendant's threatening conduct with a weapon placed three people in fear of imminent serious injury). As the supreme court explained in Dunlop,
Instead of focusing on the accused's intent[,] we must look at the consequences [of the accused's conduct]. Where an act of violence injures multiple victims, there are as many punishable offenses as there are victims. We look first at the offense prohibited by the statute. In cases of manslaughter or assault, the conduct prohibited is the killing or injuring of a person. Where more than one person is vice-timized, more than one offense occurs. Where multiple offenses occur, the double jeopardy provision does not apply.[18]
Here, Knutsen violated the privacy of eight people, even though he made only one videotape of the activity in the women's locker room. Because the gist of the offense is the invasion of bodily privacy, and because eight people suffered the invasion of privacy prohibited by the statute, Knutsen committed eight separate offenses, and he was properly convicted and punished for each of these offenses.
Conclusion
Knutsen's attack on the jury instructions is moot; the State was not obliged to prove that Knutsen acted with a culpable mental state concerning the possibility that he might violate the privacy of minors as opposed to adults. And Knutsen was properly convicted of eight counts of indecent photography because he violated the privacy of eight separate victims. Accordingly, the judgment of the superior court is AFFIRMED.

. AS 11.61.123.

. AS 11.61.123(e)(2).

. AS 11.61.123(8).

. Cf. Reynolds v. State, 664 P.2d 621, 625 (Alaska App.1983) (holding that, in a prosecution for first-degree sexual assault, the State must prove that the defendant knowingly engaged in sexual penetration with the victim and that the defendant recklessly disregarded the victim's lack of consent.)

. 11 P.3d 1001 (Alaska App.2000).

. Id. at 1004-05.

. Bell, 668 P.2d at 832.

8. Id. at 833-34, 835 (citations omitted).

. 751 P.2d 1368, 1374 (Alaska App.1988).

. Id. at 1369.

11. Id. at 1374.

. 64 P.3d 141 (Alaska App.2003).

. Id. at 147.

. 985 P.2d 1004, 1006 (Alaska App.1999).

. U.S. Const. amend. V; Alaska Const. art. I § 9. See Todd v. State, 917 P.2d 674, 677 (Alaska 1996).

. Todd, 917 P.2d at 677.

. Id. at 681 (quoting the test announced in Whitton v. State, 479 P.2d 302, 312 (Alaska 1970)).

18. Dunlop, 721 P.2d at 609 (italics omitted).