**STATE of Minnesota, Respondent,**

v.

**Chad Jeffrey THOMPSON, Appellant.**

**No. A07–1439.**

Supreme Court of Minnesota.

Aug. 7, 2008.

Cathryn Middlebrook, Asst. State Public Defender, St. Paul, MN, for appellant.

Lori Swanson, Atty. Gen., St. Paul, MN, Christopher D. Karpan, Douglas County Atty., Megan E. Burkhammer, Asst. Douglas County Atty., Alexandria, MN, for respondent.

## OPINION

DIETZEN, Justice.

Appellant Chad Jeffrey Thompson challenges a Douglas County District Court order, which imposed, among other things, concurrent 10–year conditional release periods for his second and third criminal sexual conduct convictions. Thompson argues that the court erred in its interpretation of Minn.Stat. § 609.109, subd. 5 (1998). The court of appeals reduced the 10–year conditional release period for the second offense to 5 years but affirmed the remaining 10–year conditional release period for the third offense. We reverse.

The material facts are undisputed. Between March 1999 and January 2000, Thompson committed three criminal sexual conduct offenses against three different minor females. On March 8, 1999 (the first offense), then 19–year–old Thompson had sexual intercourse with a 14–year–old girl. Thompson was charged by complaint with third-degree criminal sexual conduct in violation of Minn.Stat. § 609.344, subd. 1(b) (2006) (prohibiting a person from engaging in sexual penetration with someone between the ages of 13 and 16 when the defendant is more than 2 years older than the victim).

On October 2, 1999 (the second offense), Thompson, then 20 years old, had sexual contact with a 15–year–old girl. The second offense occurred after he was charged for the first offense but before he entered a guilty plea on the first offense.

On October 26, 1999, Thompson pleaded guilty to the first offense. At the plea hearing, the district court found that Thompson waived his constitutional trial rights and admitted a sufficient factual basis to support the charge. The district court indicated it "would * * * adjudicate[ ]" Thompson guilty of the charge, but reserved its decision regarding the appro-

priateness of the plea agreement pending completion of a pre-sentence investigation (PSI).

On January 5, 2000 (the third offense), Thompson had sexual contact with a 14–year–old girl in her home. The third offense occurred between the plea hearing and the sentencing hearing for the first offense.

On January 6, 2000, Thompson was sentenced for the first offense. Imposition of a prison sentence was stayed on a number of conditions, and Thompson was put on probation for 15 years.

Later in January 2000, Thompson was charged by separate complaints for the second and third offenses. He was charged with fourth-degree criminal sexual conduct, Minn.Stat. § 609.345, subd. 1(b) (2006) (prohibiting a person from engaging in sexual contact with someone between the ages of 13 and 16 when the defendant is more than 4 years older than the victim) for the second offense, and third-degree criminal sexual conduct, Minn.Stat. § 609.344, subd. 1(b), for the third offense. On April 20, 2000, Thompson pleaded guilty to both offenses; he was sentenced to 15 months in prison for the second offense and 28 months in prison for the third offense. The district court stayed execution of both prison sentences and placed Thompson on probation for a total of 15 years.

A year and a half later, Thompson pleaded guilty to aiding an offender in connection with a motor vehicle theft, Minn.Stat. § 609.495, subd. 1(a) (2006).

Thompson also admitted that this conduct violated the terms of his probation on the three criminal sexual conduct convictions. At his sentencing for aiding an offender on November 14, 2001, the district court revoked the stay of execution on each of the prison sentences for the three criminal sexual conduct convictions (15 months, 18 months, and 28 months, respectively) and ordered that Thompson serve the three sentences concurrently. Further, the district court ordered a 10–year conditional release period pursuant to the mandatory conditional release statute, Minn.Stat. § 609.109, subd. 7 (1998).[1]

In May 2007, Thompson moved the district court to modify the length of his conditional release period. Thompson argued that the date of conviction for the first offense was not until he was sentenced on January 6, 2000, and that the second and third offenses occurred before that date, on October 2, 1999, and January 5, 2000. Thompson argued, therefore, that when he committed the second and third offenses he did not have any prior criminal sexual conduct convictions. Consequently, he argued that his conditional release should be reduced to 5 years under Minn. Stat. § 609.109, subd. 7.

The district court rejected Thompson's argument and concluded that the date of his first conviction was the date he pleaded guilty. But, the court granted Thompson's motion in part and decreased the conditional release period for the first offense to 5 years. The court did not modify the 10–year conditional release period imposed on the second and third offenses.[2]

---

1. The conditional release statute requires 5–year conditional release periods for all offenders convicted of first-, second-, third-, or fourth-degree criminal sexual conduct, and 10–year conditional release periods for offenders with prior criminal sexual conduct convictions. Minn.Stat. § 609.109, subd. 7.

2. It is unclear why the district court did not decrease the conditional release period for the second offense. If the district court was correct that the date of conviction was October 26, 1999, Thompson had a prior conviction at the time of the third offense on January 5, 2000, but did not have a prior

Thompson appealed arguing that under Minn.Stat. § 609.109, subd. 5, he should only receive concurrent 5–year conditional release periods for the second and third offenses. The court of appeals concluded that the second offense warranted only a 5–year conditional release period, but that a 10–year conditional release period was required for the third offense. *State v. Thompson*, No. A07–1439 at 3–4 (Minn. App. Nov. 14, 2007) (order affirming in part, reversing in part, and remanding to correct sentence). We granted Thompson's petition for review.

■ On appeal, Thompson argues that under Minn.Stat. § 609.109, subd. 5, the date of his first conviction is January 6, 2000, the date of his sentencing hearing. He contends that on that date he had no qualifying convictions under section 609.109 and, therefore, his conditional release period should be 5 years rather than 10 years.

■ We review questions of statutory interpretation de novo. *State v. Engle*, 743 N.W.2d 592, 593 (Minn.2008). The objective of all statutory interpretation is "to give effect to the intention of the legislature in drafting the statute." *State v. Iverson*, 664 N.W.2d 346, 350 (Minn.2003); Minn.Stat. § 645.16 (2006). The principal method of determining the legislature's intent is to rely on the plain meaning of the statute. *Iverson*, 664 N.W.2d at 350–51.

Minnesota Statutes § 609.109 (1998) sets forth presumptive and mandatory sentences for repeat sex offenders.[3] Subdivision 7 provides that persons convicted of enumerated sex offenses must be placed on conditional release following completion of the imposed sentence. Minn.Stat. § 609.109, subd. 7. Subdivision 7 mandates a 5–year conditional release period for all defendants sentenced to prison for first-, second-, third-, and fourth-degree criminal sexual conduct and a 10–year conditional release period "[i]f the person was *convicted* for a violation [of first-, second-, third-, or fourth-degree criminal sexual conduct] a second or subsequent time." *Id.* (emphasis added). Under subdivision 7, if Thompson had a prior criminal sexual conduct conviction when he committed any of the three offenses, he is subject to a 10–year conditional release period; but if Thompson had no prior criminal sexual conduct convictions, he is only subject to a 5–year conditional release period. Thompson committed the second offense before he pleaded guilty to any qualifying offenses. Thus, the question is whether Thompson had a criminal sexual conduct conviction as of the date of his third offense, January 5, 2000.

The term "conviction" is defined by statute. Minn.Stat. § 609.02, subd. 5 (2006). A conviction is defined as either "(1) A plea of guilty; or (2) A verdict of guilty by a jury or a finding of guilty by the court" that is "accepted and recorded by the court." *Id.* Thus, a "conviction" requires that a district court both accept and record the guilty plea. *Id.* It is undisputed that Thompson entered a guilty plea for the first qualifying offense pursuant to a plea agreement at the October 26, 1999, plea hearing. The district court and the court of appeals both concluded that Thompson was convicted as of that date. Thompson argues that a conviction requires entry of a judgment of conviction, which did not

conviction when he committed the second offense on October 2, 1999.

**3.** Section 609.109 has been repealed by the legislature since Thompson's sentencing. Act of June 1, 2006, ch. 260, art. 1, § 48, 2006

Minn. Laws. 707, 732 (repealing subdivisions 1 through 6); Act of June 2, 2005, ch. 136, art. 2, § 23, 2005 Minn. Laws 920, 923 (repealing subdivision 7).

occur here until the sentencing hearing on January 6, 2000. Thus, we must determine whether the district court convicted Thompson on the date of the plea hearing or the date of the sentencing hearing.

Rule 15.04 of the Minnesota Rules of Criminal Procedure sets forth the procedure that district courts must follow when a defendant enters a plea of guilty pursuant to a plea agreement. Minn. R.Crim. P. 15.04, subd. 3. More importantly, it sets forth the procedure required by the district court to "accept" a plea of guilty:

> When such plea is tendered and the defendant questioned, the trial court *shall* reject or accept the plea of guilty on the terms of the plea agreement. The court *may* postpone its acceptance or rejection until it has received the results of a pre-sentence investigation.

Minn. R.Crim. P. 15.04, subd. 3(1) (emphasis added). The use of the word "shall" in the first sentence indicates the rule is mandatory. Minn.Stat. § 645.44, subd. 16 (2006). Under this rule a district court must either accept or reject the plea of guilty on the terms of the plea agreement. Further, the court may postpone its acceptance or rejection pending completion of a PSI.

At the plea hearing, the district court found that Thompson effectively waived his trial rights and established, through his testimony, a sufficient factual basis to support the plea. But the court then stated it would "reserve a decision as to the appropriateness of the plea agreement pending the results of the [PSI] and the sex offender evaluation." With those words, the court did not accept the guilty plea on the terms of the plea agreement. Thus, we conclude that at the plea hearing the court postponed acceptance of Thompsons plea.

Because under Minn.Stat. § 609.02, subd. 5, a guilty plea must be "accepted" by the court to become a conviction, we conclude Thompson was not convicted of third-degree criminal sexual conduct at the plea hearing. Instead, Thompson was convicted at the sentencing hearing when the district court accepted *both* Thompson's guilty plea and the terms of the plea agreement.[4] Therefore, when Thompson committed the third offense on January 5, 2000, he did not have any prior criminal sexual conduct convictions and his period of conditional release for that offense should be 5 years.

We reverse the court of appeals' order affirming a 10–year conditional release period for Thompson's third offense and remand to the district court to impose a 5–year conditional release period.

Reversed and remanded.

---

4. Relying on *State v. Hoelzel*, 639 N.W.2d 605 (Minn.2002), Thompson also argues that his guilty plea was not "recorded by the court" until the filing and entry of the judgment of conviction, which did not occur until after the sentencing hearing. But a defendant may stand convicted before he is sentenced. *See* Minn. R.Crim. P. 27.01 (authorizing district courts to set conditions of release for a defendant who "has been convicted and is awaiting sentence"). Because we conclude that Thompson's plea was not accepted prior to the second offense, we do not reach the issue of when Thompson's conviction was recorded by the court. We observe, however, that the clerk's entry of the judgment of conviction under Minn. R.Crim. P. 27.03, subd. 7, is not required to satisfy the Minn.Stat. § 609.02 requirement that a guilty plea be "recorded by the court."