STATE of Minnesota, Respondent,

v.

Steven James SOPKO, Appellant.

No. A08–1971.

Court of Appeals of Minnesota.

Aug. 11, 2009.

Lori Swanson, Attorney General, St. Paul, MN; and Brian J. Melton, Clay County Attorney, Moorhead, MN, for respondent.

Gregory J. Joseph, Moorhead, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; WORKE, Judge; and MUEHLBERG, Judge.*

## OPINION

WORKE, Judge.

Appellant challenges his seven convictions of gross-misdemeanor interference with privacy for surreptitiously videotaping seven women in a locker room shower area, arguing that the district court erred in interpreting Minn.Stat. § 609.746, subd. 1(d) (2006), to permit seven convictions because only one conviction for the unlawful act of installing the video camera was warranted. We affirm.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

On December 27, 2007, appellant Steven James Sopko, a janitor, installed a video camera in an air vent in a women's college locker room, adjusted it to face the shower area, and left it recording. Later that day, the video camera was detected and retrieved by members of an athletic team and turned over to police. The video camera captured appellant's image as he installed the camera and adjusted the vent. Appellant admitted to officers that he installed the video camera in the vent. Appellant never viewed the videotape.[1] Appellant was charged with seven counts of interference with privacy, in violation of Minn.Stat. § 609.746, subd. 1(d), because the video camera captured the images of seven women in the shower area, six of whom were entirely unclothed.

A stipulated-facts trial was held. The district court found that the shower area is a place where a reasonable person expects privacy and constitutes a location where a person would likely expose his or her intimate parts. The court also found, beyond a reasonable doubt, that appellant installed the video camera with the intent to intrude upon the privacy of those inside the shower area. The court found appellant guilty of seven counts of interference with privacy. Appellant was sentenced to 365 days in jail with 315 stayed for two years on count one, and consecutive sentences of 180 days in jail with 130 stayed for two years on each of the remaining counts. This appeal follows.

## ISSUE

Did the district court properly construe Minn.Stat. § 609.746, subd. 1(d), to permit a conviction for each victim?

## ANALYSIS

Appellant argues that the district court erred in determining that he was appropriately charged with seven counts of interference with privacy because the video camera appellant installed in the shower area captured the images of seven women. He contends that he should have been charged with only one count because the statute penalizes the single act of installing the video camera. Whether a statute has been properly construed is a question of law, subject to de novo review. *State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996). "A district court's application of statutory criteria to the facts found is a question of law that we review de novo." *State v. Bunde*, 556 N.W.2d 917, 918 (Minn.App. 1996).

The primary objective in interpreting a statute is "to give effect to the intention of the legislature in drafting the statute." *State v. Thompson*, 754 N.W.2d 352, 355 (Minn.2008). When ascertaining the legislature's intent, this court must "assume that the legislature does not ... intend absurd or unreasonable results." *State v. Koenig*, 666 N.W.2d 366, 372 (Minn.2003). Indeed, "[t]he principal method of determining the legislature's intent is to rely on the plain meaning of the statute." *Thompson*, 754 N.W.2d at 355. "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded." Minn.Stat. § 645.16 (2006). When words are not explicit, legislative intent may be ascertained by considering, among other things, "the occasion and necessity for the law; ... the mischief to be remedied; ... the object to

---

**1.** This court finds it troublesome that although appellant never viewed the tape, the victims have been subject to countless replays of the video production as this matter has made its way through our justice system.

be attained; ... [and] the consequences of a particular interpretation." *Id.*

■ Under Minn.Stat. § 609.746, subd. 1(d),

A person is guilty of a gross misdemeanor who:

(1) surreptitiously installs or uses any device for observing, photographing, recording, amplifying, or broadcasting sounds or events through the window or other aperture of a sleeping room in a hotel, as defined in section 327.70, subdivision 3, a tanning booth, or other place where a reasonable person would have an expectation of privacy and has exposed or is likely to expose their intimate parts, as defined in section 609.341, subdivision 5, or the clothing covering the immediate area of the intimate parts; and

(2) does so with intent to intrude upon or interfere with the privacy of the occupant.

Appellant argues that the statute's plain meaning indicates that it was designed to criminalize the installation of the recording device and that the legislature intended that no image even need be captured. The state argues that appellant's interpretation is too narrow and that the aim of the statute is to protect the privacy of persons from surreptitious invasion in a place where an individual would have a reasonable expectation of privacy.

This statute, as it pertains to multiple victims, has yet to be interpreted by Minnesota courts. The statute was addressed in *State v. Morris*, in which the appellant argued that the evidence was insufficient to prove that he violated the statute by carrying a bag with a concealed video camera into a store and surreptitiously positioning the lens underneath a woman's skirt. 644 N.W.2d 114, 115 (Minn.App.2002), *review denied* (Minn. July 16, 2002). This court determined that the victim had a reasonable expectation of privacy in the opening under her skirt. *Id.* at 117. Although *Morris* involved only one victim, if the appellant had placed the bag containing the camera in a position to capture images under other women's skirts, he likely would have been charged with multiple counts. The unlawful conduct was not merely carrying the video camera in a bag; as here, the unlawful conduct was not merely installing the video camera in the air vent.

The district court here relied on a case from the Alaska Court of Appeals with a similar fact pattern. In *Knutsen v. State*, the appellant challenged eight counts of indecent photography, based on his surreptitious installation of a video camera in a women's dressing room at a pool where he worked as a lifeguard. 101 P.3d 1065, 1066 (Alaska Ct.App.2004). Similarly, the appellant never viewed the videotape. *Id.* The appellant also argued that he performed only a single act of placing a camera in a women's locker room and recording a videotape, and therefore, he could only be convicted of one count of indecent photography, not eight. *Id.* at 1067. The "gist" of the offense made it a crime to knowingly view or produce "a picture of the private parts of another person's body when (1) the other person has not given their consent ..., and when (2) given the circumstances, the other person reasonably expects bodily privacy." *Id.* at 1071. The court determined that because the statute is aimed at "protecting personal bodily privacy ... a defendant's act of photographing several different victims can lawfully be punished as a separate offense for each victim." *Id.*

Minn.Stat. § 609.746, subd. 1(d), provides that a person is guilty of interference with privacy when he "installs or uses" a recording device in a place where a person

would expect privacy and exposes or is likely to expose his or her intimate parts, with the intent to intrude upon that person's privacy. The plain language indicates that "installs or uses" does not limit culpability to the mere act of installing a video camera in an air vent. While it appears evident that the aim of the statute is to protect an individual's privacy, when the words are not explicit, this court may consider, among other things: the occasion and necessity for the law, the mischief to be remedied, the object to be obtained, and the consequences of a particular interpretation. Minn.Stat. § 645.16.

The occasion and necessity for the law is not merely to prevent an individual from installing a recording device, but to protect an individual's privacy in a place where there is an expectation of privacy. The mischief to be remedied is not merely the installation of a recording device, but to prevent invasion or interference into one's privacy. The object to be obtained is not merely to prevent the installation of a recording device, but to prevent one's intrusion into another's privacy. Finally, the consequences of interpreting the statute in the manner suggested by appellant would minimize the conduct of an individual who interferes with the privacy of multiple victims. It should not matter whether appellant installed the camera one time and recorded seven women or if he installed the camera seven times and recorded seven women. Because the aim of the statute is to protect an individual's privacy, the district court did not err in construing the statute to permit multiple convictions because appellant violated the privacy of seven individuals.

We recognize that Minn.Stat. § 609.04 (2006) prevents multiple convictions based on the same conduct in some situations. But Minnesota makes an exception for a single-behavioral incident when there are multiple victims. *Bangert v. State*, 282 N.W.2d 540, 546–47 (Minn.1979). This is true as long as the defendant's sentences do not result in punishment grossly out of proportion to his culpability. *Id.* at 547. Appellant received consecutive sentences. On the first conviction, appellant was sentenced to 365 days in jail with 315 days stayed for two years. For each additional count, appellant was sentenced to 180 days in jail with 130 days stayed for two years. Therefore, appellant would serve 350 days and remain on probation for two years. These sentences are not grossly out of proportion to appellant's conduct.

### DECISION

Because a criminal defendant charged with interference with the privacy of multiple individuals, in violation of Minn.Stat. § 609.746, subd. 1(d), can lawfully be charged and sentenced for a separate offense for each victim, the district court did not err in finding appellant guilty on seven counts and sentencing him to seven consecutive sentences.

**Affirmed.**